### URBANSKY v. SHIRMER et al.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

1. CONTRACTS—VALIDITY—FRAUD—RATIFICATION.

Where defendant, after discovering that plaintiff had procured a contract by fraud, and attempting the repudiation thereof, which was refused by the plaintiff, accepted the consideration for the completion of the contract, he was bound thereby.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 442–446.]

2. MORTGAGES—ASSIGNMENT—PRIORITIES.

The execution of a satisfaction piece of a mortgage, and the delivery of the mortgage and bond, are sufficient to transfer the title, so that the rights of an assignee of the mortgage and bond, having notice of the execution of the satisfaction piece, and of a prior agreement to deliver the bond and mortgage, are subject to the rights of the person to whom the satisfaction piece was executed.

3. CONTRACTS—BREACH—RIGHTS OF PARTIES.

Where defendant ratified a contract after discovering the fraud of the plaintiff by receiving the consideration for its completion, plaintiff was not bound to accept in discharge of his right the consideration he had paid, but was entitled either to specific enforcement of the contract, or to recover the damages sustained by refusal to perform.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 1508–1514.]

Appeal from Special Term, New York County.

Action by Alfred Urbansky against George P. Shirmer and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Isaac L. Miller, for appellant.

Oscar S. Kunze, for respondent Shirmer.

Roswell H. Carpenter, for respondent Hand.

INGRAHAM, J. The facts in this case are peculiar. The plaintiff for some reason was desirous of obtaining the assignment of a bond and mortgage held by the defendant Shirmer on certain property in the city of New York owned by the defendant Hand. The plaintiff testified that he met Shirmer in the month of June, 1904, and told him that as the first mortgages on the lots at Baychester and Pelham Park on which he (Shirmer) held second mortgages were being foreclosed, his second mortgages would be wiped out, and "provided he would take title for any of his mortgages, I would probably consider buying them." Shirmer asked the plaintiff if he knew the particular lots he referred to. Plaintiff replied, no; but that he would let him know by letter. Subsequently, plaintiff sent Shirmer a letter, dated June 3, 1904, as follows:

"Dear Sir: The lots I referred to when I spoke to you to-day are as follows: [Then a number of lots are named, and the letter continues:] Now kindly state the lowest possible figure on each bunch separate, and if your figures are low enough it will not take me long to let you know what can be done."

In reply to this letter, the defendant Shirmer wrote to the plaintiff on July 8th, as follows:

"Dear Sir: I submit the following: [and there follow a number of lots; the lots in question being lots 5 to 10, inclusive], release price $640; will take cash $500."

In reply, the plaintiff wrote to the defendant that he would buy the third parcel or bunch, which included lots 5 to 10 inclusive, for $225, and that he would be ready to pay in cash before the 15th instant. Subsequently to this letter the defendant called upon the plaintiff, and said he wanted $500, to which plaintiff replied that it was no use talking, that he had given the figures he would pay, and in case defendant wanted that, very well and good; and if not, to drop the matter. Subsequently an agreement resulted, the plaintiff paid the defendant $25, and the defendant made out and delivered to plaintiff a memorandum, as follows:

"$25.00                                   N. Y., June 10, 1904.
"Received of Alfred Urbansky, Twenty-five dollars on account of Three hundred and twenty-five dollars to be paid in full for release of lots 5, 6, 7, 8, 9, 10, 35, 36, and 37, block 32, Baychester, from lien of second mortgage to be closed on or before June 15, 1904, at 104 East 32nd St., at 10 a. m.
                                         "Geo. P. Shirmer."

This agreement was carried out on June 15th by the plaintiff paying to the defendant the balance of the $225, when he received from Shirmer a satisfaction piece of the mortgage covering these six lots. The plaintiff testified that when this satisfaction piece was tendered to him he stated that he was not looking for a satisfaction piece, that he wanted an assignment, and that Shirmer said that he did not bargain to give an assignment; that the agreement called for a release and that he did not know that these lots were separate, that it was a separate mortgage. Plaintiff testified that at this conversation Shirmer promised to give the plaintiff an assignment if he wanted it, and agreed to deliver the bond and mortgage to plaintiff. The plaintiff accepted the satis-

faction piece and paid the balance, $200. At the same time Shirmer gave the plaintiff a receipt, dated June 15th, 1904, as follows:

"Received of Alfred Urbansky the sum of two hundred and twenty-five dollars for satisfaction piece of Mtg. upon lots 5 to 10 inclusive, block 32, Baychester.                             Geo. P. Shirmer."

It was also proved that on the 14th day of June, 1904, the day before the payment of the $200 and the delivery of the satisfaction piece, Shirmer executed an assignment of this mortgage and bond to Hand, the owner of the property, which was recorded on the 20th day of June. There was also introduced in evidence an agreement between Shirmer and Hand dated June 20th, which recited the delivery of the satisfaction piece of the mortgage to the plaintiff and the payment by the plaintiff of $225; and it was agreed that $225 of the $450 that Hand paid for the assignment of the mortgage should be deposited to pay any and all expenses of any litigation that might arise by reason of the giving of the said satisfaction piece.

Plaintiff having rested, Shirmer testified on his own behalf that the plaintiff called upon him and claimed to be the owner of the lots and wanted to obtain a release of these six lots, and that in consequence of the statement of the plaintiff that he was the owner of the lots, the arrangement about this satisfaction piece was made; that between the 10th and 15th of June the plaintiff wrote to Shirmer asking for an assignment of the mortgage on these six lots which Shirmer refused to give; that he saw the plaintiff on the 13th and at that time plaintiff stated that he wanted an assignment, and not a release, to which Shirmer replied that he would not give it, as he had not agreed to give it, and would only give what he agreed to give. Plaintiff said he was not satisfied with that and wanted an assignment. Shirmer than said:

"Very well, we had better call the transaction off. I will return the money to you and enough in addition to pay you for your trouble, and we will cancel the agreement."

After this interview, on June 14th, Shirmer had an interview with the defendant Hand, the owner of the lots covered by the mortgage, and then gave Hand an assignment of the mortgage covering these six lots. After giving the assignment of the mortgage to Hand on the 14th, Shirmer gave a satisfaction of the mortgage to the plaintiff on the 15th. Subsequently Shirmer testified that it was on the 20th that he delivered the assignment to the defendant Hand, having before that received $225 from the plaintiff, for which he had given him a satisfaction of the mortgage, and that he promised to give to the plaintiff the bond and mortgage in case he found them.

After the testimony was in, the court announced that it would give judgment in favor of the plaintiff, and adjourned the trial until the following Monday, when the defendant Shirmer appeared in court and tendered to the plaintiff the sum of $225 that he had received from him and which plaintiff refused to accept; whereupon the court found that the making of this agreement, whereby the defendant agreed to release to the plaintiff these six lots from the lien of the mortgage for the sum of $225 was based upon representations made by the plaintiff that he was the owner of the lots, and that the plaintiff also false-

ly and fraudulently stated and represented that he was making or had made arrangements with the owner of a prior mortgage covering said. lots, to secure a release of said lots from the lien of said mortgage; that the defendant Shirmer believed the said representations of the plaintiff to be true, and relied thereon, and was thereby induced to execute and deliver said agreement to release said lots from the lien of said mortgage; that between the 10th and 15th days of June it was discovered that the lots had been released from the prior mortgage, and that the mortgage covering the said six lots was a separate mortgage; that thereupon, and before the defendant Shirmer learned that the aforesaid representations made by the plaintiff were not true, the defendant Shirmer, believing the said representations to be true, was induced to modify said agreement and to substitute a satisfaction piece of said last-mentioned mortgage in the place and stead of a release as to the said lots so numbered 5 to 10, inclusively; that on June 15th Shirmer informed the plaintiff that the representations made by the plaintiff to Shirmer were false, and thereupon Shirmer offered to cancel said agreement, and tendered to said plaintiff in cash the amount of money paid by the plaintiff on account thereof, but that plaintiff refused to cancel said agreement or to accept the money tendered and demanded an assignment of the said mortgage, which the defendant Shirmer refused to give; that thereupon the plaintiff threatened the defendant Shirmer with a suit if he failed to carry out said agreement, and the defendant Shirmer, because of such threat, thereupon delivered to the plaintiff a satisfaction piece of said mortgage of defendant Hand and wife, and said plaintiff accepted said satisfaction piece in full settlement and satisfaction of said agreement between plaintiff and defendant Shirmer, and paid the defendant Shirmer the amount required to be paid under said agreement, viz., $200; that thereafter, and on the 20th day of June, 1904, defendant Shirmer, at the request of the defendant Hand, who was then and still is the owner of the said lots, by an assignment in writing bearing date on that day, assigned and transferred to the said defendant Hand all his interest in the said mortgage given by said Hand and his wife to said defendant Shirmer, and received from said defendant Hand for the same the sum of $440, and that at the time of the delivery of the said assignment, the defendant Hand had full knowledge of the delivery of the said satisfaction piece from the defendant Shirmer to the plaintiff. And as a conclusion of law, the court found that by reason of the fraud the plaintiff was not entitled to any judgment in his favor; whereupon judgment was directed in favor of the defendants, with separate costs against the plaintiff.

It is evident that this judgment cannot be sustained, on the ground that the contract was avoided by reason of the fraudulent representations made to the defendant when, after the defendant Shirmer knew that the representations were false, instead of repudiating the contract, he carried it out, and received the balance of the consideration which the plaintiff had agreed to pay. Assuming that the original agreement for the release of this mortgage was induced by fraudulent representations, upon the discovery of the fraud, the defendant had the right to repudiate the contract, and refuse to be bound by it, but also had the right to carry it out. His attempted repudiation having been refused

by the plaintiff, he then accepted the consideration paid by the plaintiff for the completion of the contract, and he was then bound by it.   The plaintiff swears that the defendant agreed to assign these mortgages, but the correspondence somewhat negatives this testimony, as by the writings all that the defendant agreed to do was to release the mortgage upon these lots.   The defendant Shirmer according to his own testimony, after he had knowledge that the representations were false, delivered the satisfaction piece to plaintiff, received the $200, and agreed to deliver the bond and mortgage when he found it.   A delivery would be a transfer of the bond and mortgage, and if this agreement for which Shirmer received $225 had been carried out, it would vest in the plaintiff a valid title to the bond and mortgage.   Hand was informed of this agreement with the plaintiff, and received from the defendant Shirmer an assignment of the bond and mortgage, although the original bond and mortgage itself do not seem to have been delivered.  The defendant Hand's right to the mortgage was therefore subject to the plaintiff's right, whatever it was, under his agreement with Shirmer. It seems to me, on the undisputed evidence, the plaintiff was entitled to a transfer of this bond and mortgage.   The conceded agreement of Shirmer to execute a release or satisfaction piece of the mortgage and to deliver the bond and mortgage when he found them, would vest in the plaintiff a good title to the bond and mortgage, and as the plaintiff stood upon his rights under that agreement there is no reason why he is not entitled to a specific enforcement of it.

The only real defense that the defendant would have, was one not pleaded or taken on the trial, and this was that the plaintiff had a complete remedy at law, by an action for the damages sustained by a breach of the contract in failing to deliver the bond and mortgage.   In such a case he would have been entitled to recover the value of the bond and the mortgage, which would presumably be its face value; but that defense was not pleaded and the case was not tried on that theory.   If that point had been taken on the trial, the plaintiff then would have been entitled to have the action continued as one at law to recover his damages and, if the defendant demanded a jury trial, sent to the Trial Term for that purpose to be tried.   The effect of this judgment is that the plaintiff was not entitled to recover under the contract, as it was obtained by fraudulent representations; but as Shirmer had, after full knowledge of the fraudulent representations, affirmed the contract when it was sought to be enforced, he was not entitled to have the complaint dismissed upon that ground.   The plaintiff was not bound to accept in discharge of his right to enforce the contract the amount that he had paid to Shirmer, but was entitled to insist that the contract should be either specifically enforced or that he recover the damages sustained by him by reason of Shirmer's refusing to perform it.

It follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.