## In re FRIEDMAN.

(District Court, E. D. New York. March 30, 1917.)

1. SPECIFIC PERFORMANCE ⬖94—ESSENTIALS.

The physical delivery of a bond and mortgage, with an agreement to pass title, is sufficient basis for an action of specific performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 249-256.]

2. MORTGAGES ⬖261—ASSIGNMENT—NOTICE OF EQUITIES—POSSESSION BY THIRD PERSON.

Where a bank had physical possession of a bond and mortgage under an agreement to pass title, one taking an assignment of the same without delivery of the instrument will take subject to notice of the bank's equities.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 693.]

3. BANKRUPTCY ⬖151—TRUSTEES—RIGHTS OF.

Where a bankrupt delivered a bond and mortgage under an agreement to pass title, creditors have no greater rights therein than the bankrupt, and the trustee in bankruptcy would be no more than a subsequent lienor to the rights of the bank.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 193.]

4. BANKRUPTCY ⬖154—SET-OFF—PRIMARY DEBT.

A borrower delivered to a bank a second mortgage, which the bank received as his attorney in fact, agreeing to apply payments on the mortgage against the debt. Subsequently the borrower became bankrupt. *Held*, that the bank had the right to use, as against the primary debt due from the borrower, payments received on the mortgage, as a bank has the right to apply deposits and other securities to the payment of indebtedness due it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 451-455.]

5. BANKRUPTCY ⬖186(1)—CREDITORS—RIGHTS OF.

A bankrupt, who attempted to secure a loan from a bank by depositing as collateral a second mortgage, the bank being prevented by law from taking the second mortgage as collateral, entered into an agreement with the borrower that it should receive the same as his attorney in fact or agent, and protect itself by collecting the installments due and using them to discharge the debt. *Held* that, after bankruptcy, the bank, while it might be deemed a secured creditor, was not entitled to an assignment of the mortgage by the trustees as a matter of law, and could not compel such assignment; the trustee having the option of disposing of the mortgage and discharging the claim of the bank, or having such claim attach to the proceeds.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 319.]

⬖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the bankruptcy of Jacob Friedman. On petition for assignment of a bond and mortgage. Petition denied, without prejudice to other proceedings.

Wingate & Cullen, of New York City (T. Ellett Hodgskin, of New York City, of counsel), for petitioner.

Frank H. Reuman, of New York City, for trustee.

CHATFIELD, District Judge. [1] The bankrupt attempted to make a loan with the petitioner by depositing as collateral a second mortgage, which he held upon the property of a third person, in the amount of $1,000. The loan which the bankrupt was negotiating amounted to $1,000, and the petitioner, being prevented by law from taking second mortgages as collateral, but having a perfect right to act as attorney in fact, or as agent for the borrower, agreed to loan him money upon his note, and to protect itself by collecting for him the installments due upon the second mortgage, which he would then use to pay the amount due upon the note. At the present time one or two of the installments upon the second mortgage have been paid and were credited to the borrower's account, and he in turn used them before bankruptcy as a payment upon the note, which was reduced correspondingly in amount. This enabled the trust company to comply with the law, in that they carried the loan and met the requirements of the banking law, without counting doubtful or forbidden collateral; but they at the same time had in their possession property which, if necessary, they had the right to hold, and to look to it, if collection of the note became necessary. The physical delivery of the bond and mortgage, with an agreement to pass title, is sufficient basis for an action of specific performance. Urbansky v. Shirmer and Others, 111 App. Div. 50, 97 N. Y. Supp. 577.

[2, 3] If a party takes an assignment of a bond and mortgage without physical delivery (which cannot be given so long as the papers are in the possession of the bank), he would not get good title, but would take subject to notice of the bank's equities. Creditors get no more rights than the bankrupt had, and the trustee in bankruptcy would be no more than a subsequent lienor to the rights of the bank.

[4] We come back, therefore, to the original proposition, that the bank had in its possession, coupled with a power of attorney for a certain purpose, property which had not been assigned or transferred to the bank as collateral, but which could not be obtained from the bank without demand, and which the bank had the right to proceed against in case of need to collect its debt. From this would arise the ordinary proposition of set-off. The primary debt to the bank upon the note is one provable in bankruptcy, and as against this the bank has the right to use deposits (Studley v. Boylston Bank, 229 U. S. 523, 33 Sup. Ct. 806, 57 L. Ed. 1313; N. Y. County Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380), and also any obligations or securities which are in its hands for future collection, and without a specific agreement to apply them for the purpose of third parties (In re Radley Steel Const. Co. [D. C.] 212 Fed. 463).

[5] It would seem that the bank is thus made a secured creditor to the extent of the right of set-off. But the bank's rights, on the other hand, are no greater than before. They are not entitled to an assignment of the bond and mortgage by the trustee as an abstract proposition of law. If the mortgage is paid, it will rest between the bank and the trustee as to the application of the proceeds. If the trustee wishes to dispose of the bond and mortgage and pay off the claim of the bank thereon, or to have the claim of the bank attach to the proceeds, such an order would respect the bank's rights.

The bank can evidently seek to make the most advantageous disposition of its present right to hold the mortgage, by proceeding to have it made available for purposes of set-off, on application to this court and on notice to creditors. This would immediately compel the trustee to determine whether or not the creditors would authorize him to transfer the bond and mortgage to the bank for collection, with an agreement to account for the proceeds, or whether he should seek to realize upon the mortgage and account to the bank for the total amount due.

The motion for a flat assignment of the bond and mortgage must be denied, without prejudice to such action by either the bank or the trustee as may prove necessary in order to protect the bank in applying the installments and principal of the bond and mortgage in accordance with its right to use this as a set-off.